UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROMOND HENRY** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 12-0691** |
| **MARLIN GUSMAN** | **SECTION: "B" (4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct a hearing, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to **28 U.S.C. § 636(b)(1)(B) and (C), § 1915(e)(2), and § 1915A**, and as applicable, **42 U.S.C. § 1997e(c)(1) and (2)**. On April 24, 2012, the Court conducted a hearing pursuant to *Spears v. McCotter*,[1] and its progeny, with the plaintiff participating by conference telephone call.[2] Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing.

### I.  Factual Background

#### A.  The Complaint

The plaintiff, Romond Henry ("Henry"), filed this *pro se* and *in forma pauperis* complaint

---

[1] 766 F.2d 179 (5th Cir. 1985). The purpose of the *Spears* Hearing is to ascertain what it is the prisoner alleges to have occurred and the legal basis for the claims. The information elicited at the hearing is in the nature of an amended complaint or a more definite statement under Fed. R. Civ. P. 12(e). *See also Wilson v. Barientos*, 926 F.2d 480, 482 (5th Cir. 1991).

[2] R. Doc. 5. The plaintiff was sworn in prior to testifying. The hearing was digitally recorded.

pursuant to 42 U.S.C. § 1983 against Orleans Parish Sheriff Marlin Gusman ("Gusman") for denial of adequate medical care while he was housed in the Orleans Parish Prison system ("OPP").

Henry alleges that, while being housed in the House of Detention ("HOD"), he was required to take an HIV and AIDS test. He claims that it has been over one (1) year, and he has yet to receive the results.

Henry further alleges that while watching the news, he saw a story that the Orleans Parish prison medical staff was using old needles to perform certain tests. He alleges that he attempted to get retested for HIV, AIDS, and Hepatitis but was denied. He claims to have filed sick calls and grievances, but says he has never received a response.

Henry also alleges that before his incarceration, he was prescribed and was taking medication for mental health problems. He alleges that the prison medical staff denied him the medication because they stated that he wanted to take the pills just to get high. He again claims to have received no response from the sick calls and grievances that he filed.

As relief, Henry requests to receive proper medical assistance at HOD and a payment of $30,000 for pain and suffering.

### B. The *Spears* Hearing

Henry testified that prior to his incarceration, he was diagnosed with a hyper thyroid condition and was prescribed medication for it. He stated that he was to have blood tests taken every three (3) months. He further stated that when he was taken to the prison nurse for a blood test, he explained to her that because he was not notified eight (8) hours before the blood test, the results would be inconclusive because he was not able to go without food for those eight (8) hours. Henry stated that, in response, that the prison nurse threatened to cut off his medication. He also stated that

he did not know if his medication was actually cut off. Henry further testified that when he first arrived at HOD, he was given an HIV test. He stated that his attempts to obtain a copy of the results were unsuccessful. Henry acknowledged that he was administered blood test for his thyroid condition and the HIV test, but contended that he never received the results.

He also stated that prior to arriving at HOD he was prescribed and was taking three (3) different medications, as a result of being diagnosed with depression. He further stated that he told the prison doctor about the specific medications, but when the doctor attempted to put him on a new medication that he was not familiar with, Henry instructed the doctor to administer a test to see if the new medication would cause problems with his hyper thyroid condition. Henry stated that no test was taken, and that the doctor refused to obtain the medication Henry was taking prior to being housed at HOD.

He also testified that he sued Gusman, and not anyone from the medical department, because Gusman is the individual who is in charge of the entire prison facility. When asked whether Gusman had any personal knowledge of his sick calls and grievances, HIV test results, or mental health problems, Henry testified that he did not.

## II. **Standards of a Frivolousness Review**

Title 28 U.S.C. § 1915A and Title 42 U.S.C. § 1997e(c) require the Court to *sua sponte* dismiss cases filed by prisoners proceeding *in forma pauperis* upon a determination that they are frivolous. The Court has broad discretion in determining the frivolous nature of the complaint. *See Cay v. Estelle*, 789 F.2d 318, 325 (5th Cir. 1986), *overruled on other grounds*, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993). However, the Court may not *sua sponte* dismiss an action merely because of questionable legal theories or unlikely factual allegations in the complaint.

Under this statute, a claim is frivolous only when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 347 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28. Therefore, the Court must determine whether Henry's claims are based on an indisputably meritless legal theory or clearly baseless factual allegations. *Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994); *see also Jackson v. Vannoy*, 49 F.3d 175, 176-77 (5th Cir. 1995); *Moore v. Mabus*, 976 F.2d 268, 269 (5th Cir. 1992).

### III. Analysis

#### A. Claims Against Sheriff Gusman

Henry has named Gusman as a defendant in his role as supervisory official over OPP. Henry claims that he complained about the inadequate medical care in HOD through the grievance process, and did not receive relief. He has not, however, alleged that Gusman was made personally aware of the alleged inadequate medical care at HOD.

As a supervisory official over the jail, Gusman would not be vicariously liable pursuant to § 1983 under any theory of *respondeat superior* simply because an employee or subordinate at the jail allegedly violated Henry's constitutional rights. *See Alton v. Texas A&M University*, 168 F.3d 196, 200 (5th Cir. 1999); *Baskin v. Parker*, 602 F.2d 1205, 1220 (5th Cir. 1979). He only would be liable under § 1983 if he "was personally involved in the acts causing the deprivation of his

4

constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation." *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *see also Watson v. Interstate Fire & Casualty Co.*, 611 F.2d 120, 123 (5th Cir. 1980). Henry does not allege that Gusman was the individual who provided inadequate medical care. He also does not indicate that he in anyway notified Gusman personally about these complaints.

Henry has not demonstrated a personal connection that would render Gusman liable under § 1983. His claims against Gusman are frivolous and otherwise fail to state a claim for which relief can be granted pursuant to § 1915(e), § 1915A, and § 1997e.

**B.     Eighth Amendment Claim of Inadequate Medical Care**

Even if Henry could point to a liable party, his claims do not amount to constitutional violations. The Court recognizes that, at the time of the alleged violations, Henry was a pretrial detainee. Pretrial Detainees are protected from undue punishment by the Due Process Clause of the Fourteenth Amendment. *Lopez v. LeMaster*, 172 F.3d 756, 759 n.2 (10th Cir. 1999) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979)). Although the distinction is primarily one of formality, in order to determine whether a pretrial detainee's rights have been violated under the Fourteenth Amendment, the court applies an analysis identical to the analysis it applies in Eighth Amended cases. *Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

Pursuant to the Eighth Amendment, deliberate indifference by prison personnel to a prisoner's serious medical needs is actionable under § 1983. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). "A serious medical need is one for which treatment has been recommended or for which the need is so apparent that even laymen would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n.12 (5th Cir. 2006); *Lewis v. Evans*, 440 Fed. Appx. 263, 264 (5th Cir. 2011).

5

A prison official is deliberately indifferent if he or she has actual knowledge of a substantial risk of harm to an inmate and disregards that substantial risk. *Framer v. Brennan*, 511 U.S. 825, 847 (1994); *see also Parish v. Cleveland*, 372 F.3d 294, 302 (4th Cir. 2004) (the standard of deliberate indifference requires actual knowledge and disregard of a substantial risk of serious injury); *Washington v. La Porte County Sheriff' Dep't*, 306 F.3d 515, 518 (7th Cir. 2002) (same).

Under *Estelle*, deliberate indifference to serious medical needs of prisoners constitutes the "unnecessary wanton infliction of pain," proscribed by the Eighth Amendment. 429 U.S. at 104. This is true where the indifference is manifested by prison officials or prison healthcare providers in their response to the prisoner's needs. It is also true where the indifference is manifested by prison officials or prison doctors and healthcare providers in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. *Id*. Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995) (citing *Mendoza v. Lynaugh*, 989 F.2d 191, 193-95 (5th Cir. 1993)).

In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference that can offend "evolving standards of decency" in violation of the Eighth Amendment. *Id*. Henry complains that he has received inadequate medical care because prison officials have not given him the results of his HIV and AIDS tests. However, although withholding test results may be considered negligent care, merely stating that prison officials have not provided the test results does not constitute deliberate indifference. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("although inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not");

*Mendoza*, 989 F.2d at 193 ("[i]t is clear that negligent medical care is not cognizable basis upon which to predicate a section 1983 claims."); *Williams v. Treen*, 671 F.2d 892, 901 (5th Cir. 1982) ("mere negligence in giving or *failing to supply* medical treatment would not support an action under Section 1983." (emphasis added)). Additionally, Henry does not allege prison officials intentionally denied providing him the test results to avoid treating him for a severe condition. Thus, Henry has failed to meet the deliberate indifference standard under the Eighth Amendment.

Here, Henry complains that the prison medical staff improperly administered blood tests for his hyper thyroid condition because they did not inform him eight (8) hours before so that he could refrain from eating any solid foods. He additionally complains that the prison doctor refused to prescribe him the specific medication that he was taking for his mental health problems before being incarcerated in the HOD. He further complains that the doctor denied his request to get retested for HIV, AIDS and Hepatitis after he allegedly saw a news program about Orleans Parish using old needles to conduct certain tests.

Disagreement with medical treatment does not state a claim for Eighth Amendment indifference to medical needs. *Gobert*, 463 F.3d at 346; *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (citing *Estelle*, 429 U.S. at 107) ("the decision whether to provide additional treatment 'is a classic example of a matter for medical judgement.'"); *Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Here, Henry's complaints are examples of disagreements he had with the prison medical staff concerning medical treatments. Whether a patient needs to go without food before taking a blood test is within the medical provider's expertise. The same is true when it concerns prescribing certain medication and whether or not a patient needs to be retested for certain diseases. Thus, Henry has failed to meet the deliberate indifference

7

standard under the Eighth Amendment.

For the foregoing reasons, Henry fails to state a cognizable § 1983 claim. Thus, his claims must also be dismissed as frivolous and/or for failure to state a claim pursuant to § 1915, § 1915(e), § 1915A, and § 1997e.

**IV.     Recommendation**

It is therefore **RECOMMENDED** that Henry's § 1983 complaint against Gusman be **DISMISSED WITH PREJUDICE** as frivolous and otherwise for failure to state a claim for which relief can be granted pursuant to 28 U.S.C. §§ 1915(e), 1915A and 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[3]

New Orleans, Louisiana, this 9th day of August, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.

8